UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:15-cv-21274-MGC

In Re:

ARMANDO GARCIA,                               BK Case No. 15-13836-LMI
Debtor
_____/


ARMANDO GARCIA,
Appellant,

v.

JOSE LUIS RIVAS,
TRUSTEE OF THE FLORIDA LAND
TRUST AGREEMENT NO. 13050,
Appellee.
_____/

**<u>APPELLANT'S INITIAL BRIEF</u>**


                                                 GONZALEZ & TYBOR, P.A.
                                                 Gabriel Gonzalez, Esq.
                                                 9000 Sheridan Street #95
                                                 Pembroke Pines, FL 33024
                                                 Tel: 954-378-8184
                                                 Fax: 305-873-8679
                                                 gabriel@gtlawyers.com
                                                 *Attorney for Appellant Armando Garcia*


Dated: June 8, 2015

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES……………………………………………………,……..………3

STATEMENT REGARDING ORAL ARGUMENT…………………………………………….4

STATEMENT OF JURISDICTION……………………………………………,……………..……4

STANDARD OF REVIEW………………………………………..…………………………..4

STATEMENT OF THE ISSUE…………………………………………………………………..5

STATEMENT OF THE CASE AND FACTS………………………………………………………5

SUMMARY OF THE ARGUMENT……………………………………………………………..6

ARGUMENT
    I.     A FORECLOSURE SALE IS NOT
        COMPLETE IN FLORIDA UNTIL A
        CERTIFICATE OF SALE IS FILED………………………………….…………7

CONCLUSION…………………………………………………………….……………………12

CERTIFICATE OF SERVICE……………………………………………………….…………..13

ADDENDUM…………………………………………………………………………………14

## TABLE OF AUTHORITIES

**Page**

### CASES

*In re Lorenzo*, 518 B.R. 92, 94 (Bankr.S.D. Fla. 2014)……………………………..……………4
*In re Jaar,* 186 B.R. 148 (Bankr.M.D.Fla., 1995)………………………..……..…7, 10, 11, 12
*In re Campbell,* 82 B.R. 614 (Bankr.S.D.Fla., 1988)………………………………………9, 10
*In re Johnson,* 29 B.R. 104 (Bankr.S.D.Fla., 1983)…………………………………………….9
*In re Glenn,* 760 F.2d 1428 (6th Cir. 1985)………………………………………….....8, 9, 10
*In re Smith,* 85 F.3d 1555 (11th Cir. 1996)……………………………………………….8, 10
*In re Reid* 200 B.R. 265 (Banr.S.D.Fla., 1996)……………………………………………11, 12
*In re Fothergill* 293 B.R. 263 Bankr.S.D.Fla., 2003)………………………………..…11, 12

### STATUTES

28 U.S.C. 1334……………………………………………………………..……………………4
28 U.S.C. 157……………………………………………………………………………………4
28 U.S.C. 158(a)………………………………………………………………...……………..4
11 U.S.C. 1322(c)(1)……………………………………………………………..…7, 8, 10, 11
11 U.S.C. 362(d)……………………………………………………………………………….6
11 U.S.C. 362(a)……………………………………………………………………………….6
Fla. Stat. §45.031(4)……………………………………………………………………11, 12
Fla. Stat. §45.0351……………………………………………………………….…………9, 11

### RULES

Fed. R. Bankr. P. 8001……………………………………………………………………………4
Fed. R. Bankr. P. 8002…………………………………………………………………………….4

## STATEMENT REGARDING ORAL ARGUMENT

Appellant, Armando Garcia ("Debtor"), respectfully requests oral argument on the issues stated herein. Mr. Garcia and undersigned counsel believe that the Court would benefit from the opportunity to discuss the case with counsel.

## STATEMENT OF JURISDICTION

The bankruptcy court's original jurisdiction was held pursuant to 28 U.S.C. §1334 and §157. The underlying dispute arose from a core proceeding pursuant to 28. U.S.C. §157(b)(2)(A), (G), and (O). This appeal stems from an Order Denying in part and Granting in part an Emergency Motion for Determination that No Stay is in Effect or For Relief From Stay *Nunc Pro Tunc* to Petition Filing Date and for Prospective Relief [DE# 19] rendered on March 23, 2015. The Notice of Appeal was timely filed on April 1, 2015 [DE# 23] pursuant to Rules 8001 and 8002 of the Federal Rules of Bankruptcy Procedure. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §158(a).

## STANDARD OF REVIEW

The district court reviews the bankruptcy court's factual findings for clear error, and application of the conclusions of law for clear error on *de novo* review. *In re Lorenzo*, 518 B.R. 92, 94 (Bankr.S.D. Fla. 2014) aff'd, (11th Cir. June 4, 2015). Thus, because the instant appeal pertains to an application of the law, it is reviewed *de novo.*

## STATEMENT OF THE ISSUE

Whether the Bankruptcy Court erred in concluding that a "foreclosure sale" occurred upon the acceptance of the highest bid at a foreclosure auction rather than at the filing of the Certificate of Sale which occurred after the Debtor's Chapter 13 bankruptcy filing.

## STATEMENT OF THE CASE AND FACTS

This Appeal arose from an Order in the Bankruptcy Court, Granting in Part and Denying in Part, a third-party purchaser Jose Luis Rivas' ("Rivas") Motion. The timeline of events leading up to this appeal is important to the case, as such, the procedural history of this case will be presented in chronological order below

- **May 8, 2012:** Mortgagee, Aurora Bank filed a foreclosure action against the Debtor in Miami-Dade County Circuit Court (Case No. 2012-18113-CA-01).

- **July 30, 2014:** A Final judgment was entered against the Debtor.

- **December 1, 2014:** A foreclosure auction was scheduled for March 2, 2015.

- **March 2, 2015 9:18 a.m.:** The auctioneer sent an email to Rivas informing him that the auction has ended and that Rivas is the successful bidder.[1]

- **March 2, 2015 9:45 a.m.:** Debtor filed his *pro se* voluntary chapter 13 bankruptcy petition, Case No.: 15-13836-LMI.

- **March 5, 2015:** The Miami-Dade County Clerk of Court filed a Certificate of Sale with the Court.

---

[1] Of interest, although not necessarily dispositive of any issues, the e-mail received by Rivas also included the following sentences: "All results are unofficial until fund transfers are complete." and "Total Due by 12:00PM the following business day." [DE# 11, Exhibit D].

5

The instant appeal stems from a dispute over when a foreclosure "sale" occurs under Florida Law.

On March 12, 2015, Rivas filed an "Emergency Motion for Determination that No Stay is in Effect or For Relief From Stay *Nunc Pro Tunc* to Petition Filing Date and for Prospective Relief" [DE# 11] ("The Motion").  The Motion argued that the automatic stay should be lifted pursuant to 11 USC 362(d).

The Debtor, now represented by counsel, filed a Response to the Motion [DE# 15] on March 16, 2015 arguing that, under Florida Law, a "sale" does not occur in the foreclosure process until a Certificate of Sale is issued.  Since the Certificate of Sale was issued three days after the Debtor's bankruptcy petition was filed, a "sale" did not occur and any post-petition legal proceedings were violations of the automatic stay provided by 11 U.S.C.§362(a).

The Motion was heard before the Honorable Laurel M. Isicoff, on March 18, 2015.  At the hearing Mr. Rivas' counsel argued that the sale of the Debtor's property occurred at the conclusion of the auction and that the property was sold prior to the bankruptcy filing.  Debtor argued that the foreclosure auction is one of several procedural steps in the foreclosure "sale" process and that a sale concludes once a Certificate of Sale is filed.  An Order was entered on March 23, 2015 denying retroactive relief from stay to the time of bankruptcy petition filing date but granting relief from stay for Rivas to proceed in state court to obtain a Certificate of Sale [DE# 19].  On April 1, 2015 Debtor filed his Notice of Appeal.

## **SUMMARY OF THE ARGUMENT**

The Bankruptcy Court erred when it lifted the automatic stay for Rivas to continue with its purchase and possession of the Debtor's homestead.  The Bankruptcy court incorrectly held

that the conclusion of a foreclosure sale occurs at the auction of a property. Legislative and judicial authority both stand for the proposition that a foreclosure sale is not concluded under Florida Law until a certificate of sale is filed. The Debtor's property was "sold" after the filing of the bankruptcy. As such, the sale was a violation of the automatic stay and the Debtor should have been allowed to continue with his bankruptcy. The Bankruptcy court should have denied Rivas' Motion and held that the foreclosure sale was void.

## ARGUMENT

**I.  A FORECLOSURE SALE IS NOT COMPLETE IN FLORIDA UNTIL A CERTIFICATE OF SALE IS FILED**

The issue of when a property is "sold" pursuant to Florida law has a long and complex history. Thankfully, Judge Paul Glenn essentially wrote a treatise on the issue in his opinion in *In re Jaar*, 186 B.R. 148 (Bankr. M.D. Fla. 1995). It was the Bankruptcy Court's decision not to follow the reasoning in *In re Jaar* that gave rise to this Appeal. Upon reading the *In re Jaar* opinion, it should come as no surprise that the case has been followed in this District. The opinion will be covered in more detail later.

It is important to point out, before discussing the caselaw on this issue, that the Bankruptcy Reform Act of 1994 introduced a new section to the Bankruptcy Code that has a great impact on this discussion. 11 U.S.C. § 1322(c)(1) states, in pertinent part: "a default, with respect to, or that gave rise to a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law."

### A.     Rivas Relies On Outdated Inapplicable Caselaw That Supports The Debtor's Position As Much As It Supports Rivas' Position

In Rivas' argument before the Bankruptcy Court, he relied on the holdings in *In re Glenn,* 760 F.2d 1428 (6th Cir. 1985) and *In re Smith,* 85 F.3d 1555 (11th Cir. 1996) to support the position that a property is "sold" once a foreclosure auction occurs. Reliance on these two opinions is faulty. First of all, the *Glenn* opinion was written prior to the enactment of section 1322(c)(1). This does not, in and of itself, deprive the *Glenn* opinion of its authority, but it does inform how the *Glenn* decision should be interpreted today. The Debtor concedes that *In re Glenn* stands for the general proposition that a Debtor's ability to cure their mortgage through a bankruptcy ends when their home is sold (*See Id*. at 1442, "Once the property has been sold, the right to cure the default and reinstate the terms of the mortgage under section 1322(b) ceases"). The Debtor does not dispute this position. The Debtor's position is simply that, under Florida Law, a property is not "sold" until a Certificate of Sale is filed. Because *Glenn* was decided before the enactment of section 1322(c)(1) and because *Glenn* does not deal with Florida Law specifically, it should only be given limited weight on the issue before the Court.

Similarly, the opinion in *In re Smith* (while decided after the Bankruptcy Reform Act of 1994) is also not persuasive. The opinion acknowledges that "The property rights of a debtor in a bankruptcy estate are defined by state law" *Id*. at 1557. But then the opinion goes on to analyze Alabama foreclosure law.

Neither *Glenn* nor *Smith* deal with Florida Law. However, both opinions do align with the Debtor's position. The *Glenn* opinion states that a Debtor's bankruptcy rights end when a property is sold and the *Smith* opinion states that when applying §1322(c)(1), courts should look to state law to determine when that "sale" occurs.

8

## B. The Bankruptcy Court Relied On Authority That Actually Supports Debtor's Position In Order To Rule Against The Debtor

In the instant case, The Bankruptcy Court made its decision based on an opinion written by Judge Thomas Britton on the issue (Transcript, pg.13 at 9-13 and pg.16 at 3-6). Because the Bankruptcy Court did not provide a written opinion in this case, some research was required to track down the opinion to which the Bankruptcy Court referred, but it stands to reason that the Bankruptcy Court was describing Judge Britton's opinion in *In re Campbell* 82 B.R. 614 (Bankr.S.D.Fla., 1988). In his opinion, Judge Britton adopts the reasoning in *Glenn*:

> The term "sale" ordinarily denotes the auction event, not the ultimate judicial approval of the sale or the subsequent formal passage of title. The Florida statute recognizes this distinction by providing a certificate of *sale* immediately following the auction, and a certificate of *title* after all objections are finally resolved and the right of redemption has expired (*emphasis added by the court*) *Id*. at 615

Judge Britton recognized that the 6th Circuit's opinion in *Glenn* clearly overruled a prior opinion written by Judge Britton where he held that a Debtor in Florida had until the filing of the certificate of *title* to cure a mortgage default through bankruptcy (*See In re Johnson,* 29 B.R. 104 (Bankr.S.D.Fla., 1983)). So, while Judge Britton's opinion did reduce the point of a sale from the filing of the Certificate of Title[2], he still recognizes and acknowledges that a sale in Florida occurs upon the filing of the certificate of sale. On at least two occasions, Judge Britton acknowledges that the clerk's auction and the Certificate of Sale are two events that have to happen before a sale is final *Id*. at 615.

---

[2] The 1993 amendments to the Florida statutes later codified Judge Britton's holding specifically limited a homeowner's right of redemption to the point when the certificate of sale is filed (See Fla. Stat. §45.0315).

9

At the hearing on Rivas' Motion, the Bankruptcy Court focused on the issue of whether or not a Debtor can exercise a right of redemption through bankruptcy (see Transcript pg.16 at 4-6). However, the Debtor was not arguing that point then and does not argue that point now. The Debtor simply maintains that a property is not sold under Florida law until a certificate of sale is filed. The case that the Bankruptcy Court relied on to remove the protection of the automatic stay from the Debtor is a case that actually supports the Debtor's position.

### C. The Best And Most Complete Opinion On This Issue Is The Opinion The Court Should Follow On This Issue

In contrast to the two cases cited by Rivas and the opinion cited by the Bankruptcy Court, *In re Jaar* is the perfect case to follow on this issue. The opinion in *In re Jaar* was written after the 1994 Bankruptcy Reform Act and after the 1993 amendment to the Florida Statutes so it is current, unlike *Glenn*. Unlike *Smith*, the opinion appropriately applies Florida Law to this issue pursuant to 1322(c)(1) (*See In re Jaar*, at 152). The opinion was written after *Glenn* and *Campbell* were decided and discusses both of those opinions. *Jaar* reviews the legislative and judicial history of the issue before the Court now, advocates for a bright line rule, and enumerates the reasons why the Certificate of Sale should be the point in time when a sale occurs. While the entire opinion is a brilliant piece of jurisprudence, one excerpt represents a beautifully succinct summary of the holding of the case:

> In Florida, the filing of the certificate of sale, rather than the acceptance of the high bid at the public bidding, is the conclusion of the foreclosure sale. This is the clerk's certificate that the sale has been advertised, the public bidding conducted, and the proceeds of the sale retained for distribution in accordance with the court's order. It is also

the point in the Florida foreclosure process which marks the beginning of the period to object to the sale and the beginning of the period to object to the value established by the sale, as well as the expiration of the right of redemption *Id*. at 154.

In *In re Reid* 200 B.R. 265 (Banr.S.D.Fla., 1996), Judge Robert Mark adopted the reasoning in *In re Jaar* noting that "Bankruptcy Judge Glenn addressed this issue in a thorough, well-reasoned opinion published last year." *Id*. at 267.  Judge Mark continued, "This Court agrees with Judge Glenn's conclusion that "in Florida, a residence is sold at a foreclosure sale within the meaning of Section 1322(c)(1) at the time the certificate of sale is filed by the clerk of the state court." *Citing In Re Jaar* at 154.   Judge Steven Friedman in the Southern District also adopted the reasoning of *In re Jaar* and *In re Reid* (see *In re Fothergill* 293 B.R. 263 Bankr.S.D.Fla., 2003).

*In re Jaar* and its progeny all have two things in common; first, they all applied Florida law pursuant to 11 U.S.C. §1322(c)(1) and second, they all concluded that under Florida Law a sale occurs when the certificate of sale is filed.  *In re Jaar* is an opinion that was "thorough" and "well-reasoned" and written by a Judge who is "an incredible jurist and very brilliant" (See Transcript pg.15 at 15-16).  The opinion should be followed in this instance as well.

### D.   THE CERTIFICATE OF SALE IS IMPORTANT AND SHOULD NOT BE DISREGARDED

To adopt the reasoning urged by Rivas and the Bankruptcy Court would be to ignore the well-reasoned opinion in *In re Jaar*.  Furthermore, it would completely ignore both Fla. Stat. §45.031(4) and Fla. Stat. §45.0315 which both acknowledge that the Certificate of Sale has an important place in the sale process.  As Judge Glenn noted, "This is the clerk's certificate that the

11

sale has been advertised, the public bidding conducted, and the proceeds of the sale retained for distribution in accordance with the court's order" (*In re Jaar* at 154).  No case that actually applies Florida Law ignores the Certificate of Sale or holds that a sale occurs at a time other than the filing of the Certificate of Sale.

While the Debtor acknowledges that the Florida statutes do indicate that a Certificate of Sale it supposed to be filed "promptly" after an auction[3] and that perhaps three (3) days later does not qualify as "prompt" (for example, the Certificates of Sale in *Jaar, Reid,* and *Fothergill* were all filed on the same day as the auction) this does not mean that the law should not be followed or that there should no longer be a requirement for a Certificate of Sale.  It is easy to understand Rivas' position.  He did nothing wrong and lost an opportunity to purchase a piece of property lawfully.  However, the law cannot be more clear than it is about the Certificate of Sale marking the point when a sale occurs. If third party purchasers are frustrated by a delay that apparently did not exist previously, they can petition the State or local legislature to modify the rules.  Perhaps we must simply accept that one of the side-effects of adopting an electronic, on-line system that allows for purchasers to "win" an auction by paying 5% of the purchase price and then grants them a 24-hour grace period to pay the rest, is that, in rare instances, a bankruptcy filing might mean that potential home buyers might have to give deference to the concerns of actual home owners.

## CONCLUSION

For the foregoing reasons, Debtor respectfully requests that Order Denying In Part And Granting In Part Rivas' Emergency Motion For Determination That No Stay Is In Effect Or For Relief From Stay *Nunc Pro Tunc* To Petition Filing Date And For Prospective Relief be reversed

---

[3] Fla. Stat. §45.031(4)

with directions for the Bankruptcy Court to issue an Order Denying Rivas' Motion and holding that the Bankruptcy was filed prior to the sale of the Debtor's property and deeming the sale and subsequent judicial proceedings to be violations of the automatic stay and void.

Respectfully Submitted,

/s/ Gabriel Gonzalez
Gabriel Gonzalez, Esq.
9000 Sheridan Street #95
Pembroke Pines, FL 33024
Tel: 954-378-8184
Fax: 305-873-8679
gabriel@gtlawyers.com
*Attorney for Appellant Armando Garcia*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 8, 2015, a true and correct copy of the foregoing was served electronically via transmission of Notice of Electronic Filing generated by CM/ECF or as noted in the attached Service List.

/s/ Gabriel Gonzalez
Gabriel Gonzalez, Esq.
9000 Sheridan Street #95
Pembroke Pines, FL 33024
Tel: 954-378-8184
Fax: 305-873-8679
gabriel@gtlawyers.com
*Attorney for Appellant Armando Garcia*

**SERVICE LIST**

Via Email:   Michael Dunn, attorney for Jose Luis Rivas
             Michael.Dunn@dunnlawpa.com

# ADDENDUM

**Fla. Stat. §45.031**  provides, in relevant part:

**Judicial sales procedure.**—In any sale of real or personal property under an order or judgment, the procedures provided in this section and ss. 45.0315-45.035 may be followed as an alternative to any other sale procedure if so ordered by the court.

(4) CERTIFICATION OF SALE.—After a sale of the property the clerk shall promptly file a certificate of sale and serve a copy of it on each party in substantially the following form:

(Caption of Action)

CERTIFICATE OF SALE

The undersigned clerk of the court certifies that notice of public sale of the property described in the order or final judgment was published in  , a newspaper circulated in   County, Florida, in the manner shown by the proof of publication attached, and on  ,  (year)  , the property was offered for public sale to the highest and best bidder for cash. The highest and best bid received for the property in the amount of $  was submitted by  , to whom the property was sold. The proceeds of the sale are retained for distribution in accordance with the order or final judgment or law. WITNESS my hand and the seal of this court on  ,  (year)  .

  (Clerk)  
By   (Deputy Clerk)  

**Fla. Stat. §45.0315** provides as follows:

**Right of redemption.**—At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor. Otherwise, there is no right of redemption.