UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-Civ-21274-COOKE

ARMANDO GARCIA,

    Appellant,

vs.

JOSE LUIS RIVAS, Trustee of the Florida
Land Trust Agreement No. 12050,

    Appellee.

_____/

**ORDER REVERSING BANKRUPTCY COURT ORDER AND REMANDING**

THIS MATTER is before me on Appellant Armando Garcia's ("Appellant" or "Garcia") appeal of the bankruptcy court's Order Denying In Part and Granting In Part Rivas' Emergency Motion For Determination That No Stay Is In Effect Or For Relief From Stay *Nunc Pro Tunc* To Petition Filing Date And For Prospective Relief ("Bankruptcy Order"). *See* Notice of Appeal, ECF No. 1. For the reasons stated below, I reverse the ruling of the bankruptcy court and remand for further proceedings consistent with this Order.

### I. BACKGROUND

Garcia's foreclosed property in Homestead, Florida was set for a public auction on March 2, 2015. Appellant's Initial Br. 5, ECF No. 9. Jose Luis Rivas ("Appellee" or "Rivas") was informed that he was the successful bidder on the foreclosed property at 9:18 a.m. on March 2, 2015. *Id.* That same morning, Garcia filed a voluntary chapter 13 bankruptcy petition at 9:45 a.m., which would have triggered an automatic stay of, among other things, a foreclosure sale. *Id.*; 11 U.S.C. § 362(a). The Miami-Dade County Clerk of Court, importantly, did not issue an associated certificate of sale on Garcia's foreclosed property until March 5, 2015. *Id.*

Rivas filed an emergency motion for relief from the automatic stay. The bankruptcy court heard Rivas's motion on March 18, 2015 and issued its Bankruptcy Order a few days later. *See* ECF Nos. 1, 6. The bankruptcy court found that a "valid sale" of the foreclosed

1

property occurred prior to Garcia's chapter 13 filing. Bankruptcy Order, ECF No. 1 at 2. Further, the bankruptcy court viewed the certificate of sale as a post-petition event and, thus, "void and of no affect." *Id.* As such, Rivas was granted stay relief to obtain a proper certificate of sale in state court and "without prejudice to the Debtor asserting any nonbankruptcy rights and defenses he may have in the foreclosure proceeding." *Id.*

Garcia filed his Notice of Appeal on April 1, 2015. He contends the foreclosed property was not sold until the certificate of sale was issued, thereby barring any post-petition transfer of the foreclosed property under the benefits of an automatic stay. Rivas argues the foreclosed property was sold after the public auction event and before Garcia's chapter 13 filing, and that Garcia could only exercise a right of redemption until a valid certificate of sale was issued. Dismissal is also required, Rivas believes, because valid certificates of sale and title were ultimately obtained and because Garcia does not qualify for chapter 13 bankruptcy protection.

## II.    LEGAL STANDARDS

"A bankruptcy court's legal conclusions and application of the law to the facts of a given case are reviewed *de novo*, and its factual findings for clear error." *HDR Architecture, P.C. v. Maguire Grp. Holdings*, 523 B.R. 879, 885 (S.D. Fla. 2014) (citing *Carrier Corp. v. Buckley (In re Globe Mfg. Corp.)*, 567 F.3d 1291, 1296 (11th Cir. 2009)). By contrast, "[t]he standard of review of a bankruptcy court's ruling to lift the automatic stay is discretionary with the bankruptcy judge, and may be reversed only upon a showing of abuse of discretion." *Iskander v. Carrera USA, LLC*, No. 15-20148, 2015 WL 5097117, at *2 (S.D. Fla. Aug. 31, 2015) (citing *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir.1989)). *De novo* review is warranted here since the core question in this matter requires interpreting Florida's foreclosure sale laws and bankruptcy court decisions.

## III.    DISCUSSION

This case hinges on when a foreclosed property is sold under Florida law. If Garcia's property was sold after the public auction and before his chapter 13 filing, then Garcia would only have been able to use his right of redemption to negate the foreclosure sale until a valid certificate of sale was filed. *See* Fla. Stat. § 45.0315. But if the foreclosed property was not effectively sold until the certificate of sale was filed three days after Garcia submitted his chapter 13 petition, then the automatic stay in effect after Garcia's petition

filing would have protected the property from related sale and judicial proceedings.

The Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, 108 Stat. 4106, added a section to the Bankruptcy Code's chapter 13 bankruptcy provisions that permits a debtor to cure a lien on his principal residence until it is "sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law . . . ." 11 U.S.C. § 1322(c)(1). The provision codifies the Court of Appeals for the Sixth Circuit's reasoning from *In re Glenn*, 760 F.2d 1428 (6th Cir. 1985), which held that the date of sale of a foreclosed property is the point at which a chapter 13 debtor loses his right to cure a default and reinstate a home mortgage. *In re Glenn*, 760 F.2d 1428, 1435 – 36 (6th Cir. 1985); *see also In re Smith*, 85 F.3d 1555 (11th Cir. 1996) (adopting *Glenn*). Some courts have read Section 1332(c)(1) and *Glenn* to mean that a property is officially sold at the end of a foreclosure auction, while others have referred to their state's nonbankruptcy law to determine when a foreclosure sale is complete. *See In re McCarn*, 218 B.R. 154, 159 – 62 (B.A.P. 10th Cir. 1998) (discussing courts' differing approaches in interpreting 11 U.S.C. § 1322(c)(1)).

*In re Jaar*, 186 B.R. 148 (Bankr. M.D. Fla. 1995), provides the most comprehensive overview of Florida's present stance on the issue of when a foreclosed property is sold. In *Jaar*, the bankruptcy court found that a foreclosure sale had been completed under Florida law before the debtor-mortgagor filed her voluntary chapter 13 petition. The bankruptcy court concluded that—after an exhaustive review of the history of Section 1332 of the Bankruptcy Code, relevant cases, and Florida law—"for the purpose of the mortgagor/debtor paying off the mortgage, through a chapter 13 plan or otherwise, *the residence has been sold at the foreclosure sale at the time of the filing of the certificate of sale*." *In re Jaar*, 186 B.R. 148, 154 (Bankr. M.D. Fla. 1995) (emphasis added). At least two other bankruptcy courts in the Southern District of Florida have adopted *Jaar*'s reasoning. *See In re Fothergill*, 293 B.R. 263, 264 – 65 (Bankr. S.D. Fla. 2003); *In re Reid*, 200 B.R. 265, 266 – 67 (Bankr. S.D. Fla. 1996).

I adopt the reasoning found in *Jaar* and its progeny. A foreclosed property is not officially sold under Florida law until a certificate of sale is issued. The certificate of sale plays a crucial role in a public auction since it memorializes the pertinent details of a public sale and provides notice to others. *See* Fla. Stat. § 45.031 (outlining Florida's judicial sales procedure, including the issuance of a certificate of sale). Further, the filing of a certificate

of sale "marks the beginning of the period to object to the sale and the beginning of the period to object to the value established by the sale, as well as the expiration of the right of redemption." *Jaar*, 186 B.R. at 154; *see also* Fla. Stat. § 45.0315 (noting that a debtor's right of redemption expires at "any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure"). It is reasonable, then, to use the certificate of sale as the point at which a foreclosed property is sold.

Admittedly, this rule works best when the certificate of sale is filed "promptly" as required under Florida law. *See* Fla. Stat. § 45.031(4) ("After a sale of the property the clerk shall promptly file a certificate of sale and serve a copy of it on each party . . . ."). Waiting to file the certificate of sale three days after the public auction undercuts a bona fide purchaser's need for certainty. But given that I do not have the full details about why there was a delay in filing the certificate of sale here, I am loath to contradict *Jaar*'s cogent analysis. To be sure, Appellee could ultimately prevail if it can prove that Appellant does not qualify for chapter 13 protection or whether any mootness issues exist after my decision. The bankruptcy court is best equipped to answer those questions on remand. My Order today only confirms that Florida law specifies that a foreclosed property is sold once a certificate of issue is filed. Thus, Appellant's foreclosed property was not officially sold under Florida law by the time he filed his voluntary chapter 13 bankruptcy petition.

## IV.   CONCLUSION

For the foregoing reasons, the Order Denying In Part and Granting In Part Rivas' Emergency Motion For Determination That No Stay Is In Effect Or For Relief From Stay *Nunc Pro Tunc* To Petition Filing Date And For Prospective Relief is **REVERSED**, and this matter is **REMANDED** to the bankruptcy court for further proceedings consistent with this Order. All pending motions, if any, are **DENIED** *as moot*. The Clerk is directed to **TRANSMIT** notice of this Order to the bankruptcy court in accordance with all relevant rules and procedures and is further directed to **CLOSE** this case.

**DONE and ORDERED** in Chambers at Miami, Florida, this 30th day of March 2016.

*[signature: Marcia G. Cooke]*

MARCIA G. COOKE
United States District Judge

*Copies furnished to:*
Counsel of record